Richard L. ABRAMS, Wesley A. Aikens, Fred W. Aldrich, John J. Alford, Park O. Ames, Joseph C. Anderson, Theo V. Anderson, V.R. Barnhouse, Jr., James L. Baumdel, Alfredo J. Bayardo, William L. Becker, Jeremiah Benzvi, Don Bilsborough, Leo D. Borin, Andres Borruel, Robert G. Brown, Paul C. Campbell, Fred J. Canizales, Jay F. Cano, Kent Carper, Kishore Chokshi, Gordon W. Clancy, Julian R. Coles, Norman C. Cross, Jr., James W. Deggendorf, John C. Dolson, Steven E. Donley, J.G. Edsall, Robert E. Elms, Jr., Anthony C. Ernest, George P. Foster, Clinton R. Fuhrmann, Wayne L. Garden, R.A. Gaska, John A. Gauthier, Steven P. and Tracey Gesiriech, Eric J. Gobler, John F. Gray, Julius Griffin, Thomas Hardin, Paul E. Harris, R.W.E. Harrison, Jr., Henry K. Hasserjian, Joseph S. Howard, Isaac-Foster Insurance Agency, Randal L. Jackson, Jeff A. Johnson, Jay Jurkowitz, Robert A. Kemmerer, Susan B. Kennedy, Clement Lambert, Peter B. Lambert, Terry L. Lesley, Rodrick K. Leung, Carl E. Lindstrom, Charles H. Logan, Nicholas D. Mamalis, Richard L. Marks, Richard T. McAller, Arthur McDonough, Robert L. McLeroy, Mikhan, Inc., Carroll G. Miller, Stephen K. Mills, Henry H. Modrak, Richard J. Moore, Dona A. Nafziger, R. Wayne Neal, Richard L. Neal, Dennis L. Nichols, Kenneth W. Nyborg, Lewis L. Patrick, Ken Peet, Darol O. Petersen, Fred L. Picklesimer, Jon H. Purberry, Richard D. Raines, William W. Ramsey, Dean D. Reavie, William R. Reid, Michael J. Renfro, Rickie R. Richey, David G. Ritchie, James Ritchie, R. Clio Robertson, Russell D. Robinson, John P. Shirley, H.R. Slack, Kirk M. Smith, Thomas L. Smith, James Sobba, Robert E. Spann, W.M. Spector, W.L. Storey, James M. Stokes, Stringham Lumber Co., Denise C. Suek, Paul D. Swanson, Everett F. Telljohann, James P. Thies, Allan W. Thompson, William F. Trackler, James Melvin Treese, Ivan Van Dyke, Stephen F. Welsh, John J. Wendling, Ray Wicker, and Lawrence M. Zolot, Plaintiffs,

and

Telford S. Eggleston, Jr., James B. Embree, and Dwaine E. Getz, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 85–1966.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1986.

Decided April 9, 1986.

Martin A. Schainbaum (Kathleen A. Miller, San Francisco, Cal., James E. Ritchie on brief) for appellants.

Gary D. Gray (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup; Richard Farber, Washington,. D.C., on brief), for appellee.

Before WIDENER, MURNAGHAN, and WILKINSON, Circuit Judges.

MURNAGHAN, Circuit Judge:

Converting a sow's ear into a silk purse is acknowledgedly difficult. Seeking to convert into a notice of deficiency an Internal Revenue Service letter warning the petitioners that an attempt to utilize, for income tax purposes, a specific "tax shelter" would result in a redetermination leading to an assessment of a deficiency or a reduction or elimination of a refund amounts to an effort of equal audacity and equal futility.

## I.

A large number of taxpayers invested in a so-called tax shelter known as the "Liberty Financial 1983 Government Securities Trading Strategy." They took the "tax shelter" into account in preparing and filing 1983 federal income tax returns. The Internal Revenue Service, in letters dated November 2, 1984, informed the taxpayers that it believed that deductions derived from investments in Liberty Financial were not allowable, and additionally remarked that taxpayers making use of the tax shelter who might already have filed their returns might wish to file amended returns. The Internal Revenue Service letter came after filing in most if not all cases had taken place.

The letter read:

Re: Liberty Financial 1983 Government Securities Trading Strategy

Dear Taxpayer:

Our information indicates that you invested in the above tax shelter during the above tax year. Based upon our review of that promotion, we believe that the purported tax deductions and/or credits are not allowable.

We plan to review your return to determine whether you claimed such deductions and/or credits. If you did so, we will examine your return and reduce the

portion of any refund due to you which is attributable to the above tax shelter promotion. If an examination results in adjustments to your return, you will be afforded the opportunity to exercise your appeal rights. The Internal Revenue Code provides, in appropriate cases, for the application of the negligence penalty under section 6653(a), the overvaluation penalty under section 6659 and/or the substantial understatement of income tax penalty under section 6661 of the Internal Revenue Code and other appropriate penalties. Our examination will determine whether these penalties are appropriate. See the back of this letter for an explanation of these penalties.

If you claimed deductions and/or credits on a return already filed, you may wish to file an amended tax return....

On January 25, 1985, the appellants herein joined with 108 other taxpayers in filing a consolidated petition in the United States Tax Court for redetermination of the purported deficiencies allegedly asserted in the letters received from the IRS. The Commissioner moved to dismiss the petition for lack of jurisdiction on the ground that the letters were not notices of deficiency, and that the issuance of a notice of deficiency is a precondition to Tax Court jurisdiction. The Tax Court granted the Commissioner's motion and dismissed the petition, 84 T.C. 1308. Taxpayers Eggleston, Embree, and Getz appeal from that dismissal.[1]

## II.

The United States Tax Court is a court of limited jurisdiction. 26 U.S.C. § 7442. A notice of deficiency is a prerequisite of tax court jurisdiction. Rule 13, Rules of Practice and Procedure of the United States Tax Court, 26 U.S.C. § 7453; *Commissioner v. Gooch*, 320 U.S. 418, 420, 64 S.Ct. 184, 88 L.Ed. 139 (1943); *Magness v. Commis-*

*sioner*, 334 F.2d 759 (4th Cir.1964); *Da-Boul v. Commissioner*, 429 F.2d 38 (9th Cir.1970).

To qualify as a notice of deficiency, while a document need not assume any particular form, *Commissioner v. Forest Glen Creamery Co.*, 98 F.2d 968, 971 (7th Cir.1938), *cert. denied*, 306 U.S. 639, 59 S.Ct. 487, 83 L.Ed. 1039 (1939); *Olsen v. Helvering*, 88 F.2d 650, 651 (2d Cir.1937), nevertheless, it must meet certain substantial requirements. There must be a statement that the Internal Revenue Service has examined a return and determined a deficiency. It must inform the taxpayer of the exact amount of the deficiency. *Commissioner v. Stewart*, 186 F.2d 239, 242 (6th Cir.1951); *Forest Glen Creamery Co., supra*, at 971; *Olsen, supra*, at 651. As the letter of November 2, 1984 made pellucidly clear, examination of the returns of each individual taxpayer had not as yet been made. The most important observation to be made about the letter is that it left no doubt that, as yet, there had been no general review of any return, no computation of any deficiency nor any reduction in refunds to which the taxpayers might otherwise be entitled. It was in essence only fair warning of what the taxpayers sheltering income through the Liberty Financial 1983 Government Securities Trading Strategy might expect. The Internal Revenue Service explicitly deferred any decision as to whether there would be an adjustment in the tax liability reported on each return, in which case the rights of appeal legally provided to the taxpayers would then be available.

The plaintiffs, having taken questionable deductions, now seek to follow a questionable procedure to get priority treatment of a claim which has not yet matured. Their attempt to say that only a mathematical computation which could readily be made

---

**1.** Notices of appeal to the Second, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuits were filed on behalf of other taxpayers.

by the Internal Revenue Service or its computers stands in the way of establishing the disallowed deduction and, therefore, the amount of the deficiency or refund reduction is a gross oversimplification. Examination of a return might well disclose additional and independent reasons for adjusting the tax shown on the return as reported. Such an additional and independent adjustment could be in favor of a taxpayer who inadvertently had overpaid his taxes or to the disadvantage of a taxpayer who, for reasons independent of the "tax shelter," had not rendered unto Caesar all that was Caesar's.

Indeed, all that happened was that the Internal Revenue Service, with a direct interest in the matter, gave the petitioners unsolicited advice not to claim "Liberty Financial 1983 Government Securities Trading Strategy" as a deduction or credit, advice they were free to accept or reject. It may have been good advice or, if a taxpayer concluded that it was not, could be ignored. The justifiable interest in the matter on the part of the Internal Revenue Service stemmed from the fact that some practices not truly of a business nature and euphemistically designated "tax shelters" constitute, in fact, unwarranted raids on the treasury. Participation in an abusive tax shelter is subject to a penalty, 26 U.S.C. § 6700, and may be enjoined in a suit brought by the United States, 26 U.S.C. § 7408. The Commissioner of Internal Revenue may properly take steps to discourage such abusive activity.

If the three taxpayers, appellants here, were right in their contention that the November 2, 1984 letter constituted a deficiency notice for all the many taxpayers involved, those taxpayers not involved in the present petition would later in all probability be foreclosed from contesting in the Tax Court any true deficiency assessed by the Internal Revenue Service. Under 26 U.S.C. § 6213(a) a taxpayer must file a petition with the Tax Court for a redetermination of the deficiency within 90 days after the notice of deficiency is mailed. If the taxpayer does not file a petition with the Tax Court within that period, the deficiency must be paid upon notice and demand from the Internal Revenue Service. 26 U.S.C. § 6213(c). Here, more than 90 days have passed from the mailing of the post-filing notification letters. If those letters were treated as notices of deficiency, the statutory period for filing a petition with the Tax Court would have expired. Those investors in Liberty Financial who have not joined in the present petition would then have lost their chance to seek review in the Tax Court.

Appellants' inexplicit and cursory arguments that due process will be denied by a decision that the November 2, 1984 letter was not a deficiency notice are extremely unpersuasive. Having filed tax returns, the petitioners have no right to jump the queue to obtain the equivalent of a declaratory judgment proceeding so that any possible income tax liability may be established at a preferentially early date. The Internal Revenue Service has until limitations run to act and, until it does, by sending a notice of deficiency, the taxpayer must abide by the discomfort common for us all that any uncertainty entails before a proceeding in the Tax Court can commence. If the taxpayer wants to get things going earlier, the only available procedure would be to pay an amount he deems excessive, without claiming the questionable deduction, and then sue in the United States District Court for a refund. *See McConkey v. Commissioner*, 199 F.2d 892, 895 (4th Cir.1952), *cert. denied*, 345 U.S. 924, 73 S.Ct. 782, 97 L.Ed. 1355 (1953).

Consequently, the United States Tax Court was entirely correct in dismissing the petition for want of jurisdiction and should be affirmed.

AFFIRMED.