962 F.2d 6
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
R. Edwin BROWN, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 91-1235.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 9, 1992
Decided: May 19, 1992
 
 Argued: Laurie R. Gitajn, Brown & Sturm, Rockville, Maryland, for Appellant.
 Marion Elizabeth Erickson, Tax Division, United States Department of Justice, Washington, D.C., for Appellee.
 On Brief: James A. Bruton, Acting Assistant Attorney General, Gary R. Allen, William S. Estabrook, Tax Division, United States Department of Justice, Washington, D.C.; Richard D. Bennett, United States Attorney, Larry D. Adams, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, ERVIN, Chief Judge, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from a district court order summarily rejecting appellant's requests that a federal tax lien be declared void, that an overpayment of 1987 taxes be refunded, and that attorney's fees be awarded. We affirm.
 
 
 2
 * Appellant is R. Edwin Brown, P.A. (the Corporation), an organization operating under Maryland law. It is a partner in the law firm of Brown and Sturm. Attorney Richard Edwin Brown is the Corporation's president and sole shareholder. This dispute stems from a tax deficiency assessed against the Corporation by appellee, the Internal Revenue Service (IRS).
 
 
 3
 In February 1988, the IRS sent a notice of deficiency to the Corporation for underpayment of taxes incurred during fiscal year 1985. The notice bore the Corporation's proper address and taxpayer identification number. But it was mistakenly addressed to"Mr. Robert Edwin Brown, P.A." rather than to "R. Edwin Brown, P.A." Although the Corporation admitted that it received the deficiency notice, it neither paid the amount due nor filed a petition in the Tax Court challenging the deficiency. Consequently, in September 1988, the IRS issued to "Robert Edwin Brown" a deficiency assessment in the amount of $28,506.74. The IRS later filed a federal tax lien against the Corporation in Montgomery County, Maryland, reflecting the unpaid assessment.
 
 
 4
 In January 1989, the IRS seized $7,909.86 from a bank account owned by Mr. Brown, the Corporation's president. Mr. Brown protested the seizure. Upon further review the IRS determined that the levy on Mr. Brown's personal account was unjustified and repaid the funds to him. Meanwhile, the Corporation overpaid its taxes for fiscal year 1987 in the amount of $6,250. The IRS sent taxpayer a letter informing it of the overpayment and stating that the amount would be applied to its outstanding 1985 tax deficiency. The Corporation sought to recover the overpayment, but its requests were rejected.
 
 
 5
 The Corporation then filed this action in federal court. It sought (i) a declaration that the federal tax lien imposed for the 1985 tax assessment was null and void because it had not received a statutory notice of deficiency (due to the errors in the notices of deficiency and assessment); (ii) a refund of the 1987 overpayment; and (iii) attorney's fees incurred in this litigation and in the effort to recover funds levied from Mr. Brown's personal bank account. Agreeing that there were no material factual disputes, the parties filed cross-motions for summary judgment. The district court granted the government's motion.
 
 II
 
 6
 * The Corporation first argues that errors in the IRS's notices of deficiency and assessment rendered them invalid. The notice of deficiency was invalid, the Corporation submits, because it did not accurately identify the taxpayer's correct name. The flaw in this argument is that the requirements of a valid notice of deficiency are not as rigid as the Corporation suggests. Such a notice need not be in any particular form; it need only advise the taxpayer that the IRS has determined a deficiency and convey the amount of that deficiency. Abrams v. Commissioner, 787 F.2d 939, 941 (4th Cir. 1986). See also Estate of Yaeger v. Commissioner, 889 F.2d 29, 35 (2d Cir. 1989) (the adequacy of a notice of deficiency turns on "whether the taxpayer reasonably knew or should have known that the deficiency notice was directed to the taxpayer, that a deficiency determination was made, the taxable year involved, and the amount of the deficiency"), cert. denied, 495 U.S. 946 (1990).
 
 
 7
 The challenged notice of deficiency meets this standard. Although the notice was addressed to "Mr. Robert Edwin Brown, P.A." rather than to "R. Edwin Brown, P.A.," it was mailed to the correct address and contained the Corporation's correct employer identification number. It also accurately stated the amount of the deficiency. These considerations, together with the concession that the Corporation had actual notice of the deficiency, suffice to uphold the notice's validity.
 
 
 8
 The Corporation's complaint about the notice of assessment also is unfounded. Addressed to "Robert Edwin Brown" rather than to "R. Edwin Brown, P.A.," this notice equally served the function of advising the Corporation of the assessment against it.*
 
 B
 
 9
 The Corporation next argues that it was improper for the IRS to apply the $6,250 overpayment of 1987 taxes to taxpayer's 1985 deficiency. This too is a meritless argument. The Internal Revenue Code permits the IRS to credit an overpayment against the outstanding tax liability of a taxpayer. See 26 U.S.C. § 6402(a). Given that the notice of deficiency was itself valid, as we have shown above, and that the merits of the 1985 deficiency are immune from review absent prepayment, it lay within the IRS's authority to apply the 1987 overpayment to the 1985 deficiency.
 
 C
 
 10
 Lastly, the Corporation seeks recoupment of attorney's fees incurred (i) in this action and (ii) in securing the return of Mr. Brown's personal funds through informal administrative proceedings. The first request lacks merit for the simple reason that the Corporation has not "prevail[ed]," as it must under 26 U.S.C. § 7430(a) to be eligible to recover litigation costs. Equally flawed is the second request. For the Corporation seeks fees incurred by Mr. Brown in attempting to recover personal funds seized by the IRS. Mr. Brown, while interested in the outcome of this case, is certainly not a party to it. Thus his legal expenses do not provide a basis for a fee request by the Corporation. In any event, in United States v. McPherson, 840 F.2d 244 (4th Cir. 1988), this Court held that an attorney appearing pro se in tax refund cases may not receive attorney's fees under § 7430.
 
 
 11
 In sum the slight misnomers contained in the notices of deficiency and assessment did not render them invalid; the IRS did not exceed its authority in applying the overpayment of 1987 taxes to the 1985 deficiency; and the Corporation is not entitled to attorney's fees. The judgment is
 
 
 12
 AFFIRMED.
 
 
 
 *
 To the extent the Corporation's complaint may be read to challenge the merits of the 1985 assessment, that aspect of the complaint was properly dismissed for lack of jurisdiction. A prerequisite for challenging a tax assessment in federal district court is payment of the full assessment, see 28 U.S.C. § 1346(a)(1); Flora v. United States, 357 U.S. 63 (1958), something the Corporation concedes it failed to do. By contrast, under 26 U.S.C. § 6213(a), the district court had jurisdiction over the allegation that the notices of deficiency and assessment were invalid