FREDERICK M. FOX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fox v. Commissioner
Docket No. 25480-91
United States Tax Court
T.C. Memo 1993-277; 1993 Tax Ct. Memo LEXIS 280; 65 T.C.M. (CCH) 3009; June 28, 1993, Filed *280 Decision will be entered for respondent. Frederick M. Fox, pro se. For respondent: Alice M. Harbutte. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined a deficiency in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6654(a)
1988
$ 39,658.08
$ 9,914.52
$ 1,982.90
$ 2,530.90
The issues for decision are: (1) Whether the notice of deficiency issued to petitioner was valid; (2) whether petitioner is a "taxpayer" under section 7701(a)(14); [1] (3) whether income received by petitioner in 1988 was taxable; (4) whether petitioner is entitled to deductions for property taxes, interest expense, charitable contributions, union dues, tax preparation expenses, and "investment losses and fees"; and (5) whether petitioner is liable for the additions to tax determined by respondent. *281 Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided [2] at San Juan Capistrano, California, when he filed his petition. During the taxable year 1988, petitioner was a pilot for American Airlines. For his services as a pilot during that year, petitioner received $ 143,585.05, as shown on his W-2 (Wage and Tax Statement). He also received: (1) Interest of $ 181 from the American Airlines Employees Credit Union; (2) dividend payments of $ 688 and capital gains of $ 150 from Merrill Lynch Financial Data Services; and (3) a tax refund of $ 32 from the State of California. *282 Petitioner did not file a Federal income tax return for 1988. After receiving the notice of deficiency, issued by respondent on August 9, 1991, petitioner filed a timely petition with this Court. Petitioner first argues that the notice of deficiency was invalid because no valid determination was made by respondent. Petitioner bases this argument on respondent's use of a substitute return. He also questions, in general, whether the Government's agents in his case were acting within their "delegated authority orders." [3]
*283 A determination of a deficiency by the Commissioner must be based on information that relates to a particular taxpayer. Scar v. Commissioner, 814 F.2d 1363, 1368 (9th Cir. 1987), revg. 81 T.C. 855 (1983). Where the notice of deficiency does not reveal on its face that respondent failed to make a determination, then the burden is on petitioner to show that no such determination was made. Campbell v. Commissioner, 90 T.C. 110, 114 (1988). In this case, the notice of deficiency clearly contains information particular to petitioner. It includes, among other indicative items, the exact wage figure, $ 143,585, contained on petitioner's W-2 for 1988, and the source of that income, American Airlines. It specifies the year and amount of deficiency. See Campbell v. Commissioner, supra at 115; Foster v. Commissioner, 80 T.C. 34, 229-230 (1983), affd. in part and vacated in part 756 F.2d 1430 (9th Cir. 1985). Petitioner cites Abrams v. Commissioner, 787 F.2d 939, 941 (4th Cir. 1986), *284 affg. 84 T.C. 1308 (1985), for the proposition that a notice of deficiency must include a statement that a return has been examined in determining the deficiency. This Court has previously rejected such an argument when made by a nonfiling taxpayer. See Johnson v. Commissioner, T.C. Memo. 1991-139. Petitioner failed to file a timely return for 1988; thus, he is in no position to require respondent to examine one. See Schiff v. United States, 919 F.2d 830, 832-833 (2d Cir. 1990); Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir. 1988). When a taxpayer fails to file a return, the Commissioner is entitled to use a substitute return to process a taxpayer's information. Roat v. Commissioner, supra at 1382. Indeed, in such a case, the Commissioner need not use a return at all to determine a valid deficiency for purposes of section 6211. Id.; see sec. 6211 (amount shown on return considered to be zero where taxpayer does not file). The use of no return, or a substitute return for processing, has no bearing on whether respondent's *285 actual determination of a deficiency is acceptable.[4] Cf. Campbell v. Commissioner, supra at 114-115 (validity of notice depends upon whether adequate determination is made). After considering all the facts and circumstances, we find that respondent's determination in this case was more than adequate and we hold that the August 9, 1991, notice constitutes a valid notice of deficiency. See id. at 115. We therefore have jurisdiction in this case. Stevens v. Commissioner, 709 F.2d 12, 13 (5th Cir. 1983), affg. T.C. Memo. 1982-352; Stamm Intl. Corp. v. Commissioner, 84 T.C. 248, 252 (1985); Hannan v. Commissioner, 52 T.C. 787, 791 (1969). *286 Petitioner next argues that he is not subject to the income tax laws because he is not a taxpayer and is therefore a nonresident alien individual as defined by section 7701(b)(1)(B). Petitioner has made similar arguments to the Court with regard to a previous taxable year. See Fox v. Commissioner, T.C. Memo. 1993-37. They were rejected then, and we reject them now. Petitioner bears the burden of proving that he is a nonresident alien. Rule 142(a). The petition states that petitioner's "location" is "30162 Branding Iron Rd., Orange County Judicial District, San Juan Capistrano, California". The stipulation states also that petitioner "was located at 30162 Branding Iron Road at the time the petition in this case was filed." In the pleadings to his previous case in this Court, petitioner contended that he was "a * * * resident of the Republic of the State of California, USA". Fox v. Commissioner, supra.Petitioner's Branding Iron Road address was on all correspondence in this Court received from and sent to him, including the petition, his W-2, the notice of deficiency, the stipulation, and his brief. Given *287 these facts, and petitioner's own statement that he is domiciled at the aforementioned address, petitioner has failed to prove that he is a nonresident. As found in his previous case, petitioner was born in New York. Id. Thus, he is not an alien. In his previous case, the Court held that petitioner was a taxpayer subject to the income tax laws. Id. Petitioner has presented us with no additional legal arguments or facts supporting a finding to the contrary. Thus, petitioner has failed to meet his burden of proof, and we hold that he is a taxpayer subject to taxation. Petitioner next argues that his 1988 income is not taxable because income is not defined in the IRC and Congress, et al, have been barred from concluding the matter. The compensation/remuneration for personal services rendered by an exempt foreign person/nonresident alien individual is the exception under IRC 3401(a)(6), 6012(a) and their regulations. Further, Congress, the Secretary of the Treasury and his delegates (the IRS), cannot constitutionally, lawfully or legally define income.
We have already held that petitioner is a taxpayer subject to taxation. Moreover, like the latter argument, *288 petitioner's arguments as to the taxability of compensation in general and his income in particular have been previously rejected. Fox v. Commissioner, supra.Because he focused purely on meritless legal arguments to sustain his case, petitioner has not even attempted to meet his burden of proof with regard to any of the items of income and deductions at issue. See Rule 142(a). Thus, respondent's deficiency determination is sustained. Petitioner devotes no argument to the additions to tax determined by respondent, except to claim that they somehow relate to beer and wine, rather than income. Petitioner bears the burden of proof with regard to additions to tax determined by respondent. Rule 142(a); Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337. Petitioner failed to file a timely return and has presented this Court with no evidence showing reasonable cause for his failure. See sec. 6651(a). Thus, the addition to tax for failure to file under section 6651 is sustained. No Federal income tax was withheld from petitioner's wages for the year 1988. *289 Nor has petitioner shown that he otherwise paid any taxes or made estimated tax payments to the Federal Government. Petitioner is therefore liable for the addition to tax for failure to pay estimated income tax under section 6654. Petitioner's underpayment for the year 1988 is the amount of the deficiency determined by respondent. Sec. 6653(c). Petitioner has not shown that he made a "reasonable attempt to comply with the provisions" of the Internal Revenue laws. See sec. 6653(a)(3). Absent such a showing, and in light of his failure to file and pay any tax, we sustain the addition to tax for negligence under section 6653(a). Under section 6673, this Court may require the taxpayer to pay a penalty to the United States if it appears that the taxpayer's position in a proceeding before us is frivolous or groundless. Sec. 6673(a)(1)(B). Petitioner performs services for American Airlines as a pilot, a position requiring a good deal of intelligence for which he was well compensated. Petitioner has been the subject of other proceedings before this Court, including one in which a decision was recently rendered labeling his arguments "stale tax protester contentions". Fox v. Commissioner, supra. *290 Petitioner makes essentially those same arguments here. His brief is extensive and betrays not only a knowledge of the tax laws, but an ability to pervert and twist the text of those laws to support his frivolous arguments. Finally, petitioner is well aware of the consequences of making the arguments he addresses to us. On brief, he states, with regard to his contention that wages are not income: Petitioner takes particular delight in answering this final important question because he has some excellent Supreme Court law dealing with this issue, which was never properly been presented to the High Court and properly decided, and which will serve to vindicate two of his former colleagues at American Airlines, and other airlines, too, * * * who lost their jobs and went to jail because they were not able to effectively or properly argue the issue, due to ignorance or the ineptness of their attorneys. * * * [P's br. p.56]
On the basis of the foregoing, and upon examining petitioner's arguments, we find that his position in this case is frivolous and groundless. We therefore require petitioner to pay to the United States the sum of $ 5,000. Sec. 6673(a); see Larsen v. Commissioner, 765 F.2d 939, 941-942 (9th Cir. 1985) *291 (affirming Tax Court's imposition of sanctions where taxpayer should have known case was frivolous); Snydes v. Commissioner, 74 T.C. 864, 872 (1980), affd. 647 F.2d 813 (8th Cir. 1981); Jacobs v. Commissioner, T.C. Memo. 1982-198. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner made attempts to avoid characterization as a "resident" of any particular jurisdiction. However, on brief, he asks us to find that he was "located/domiciled" at the above address. We acknowledge petitioner's request, noting that, for purposes of sec. 7482, residence means domicile. Berkery v. Commissioner, 90 T.C. 259, 263 (1988), supplemented by 91 T.C. 179 (1988), affd. 872 F.2d 411↩ (3d Cir. 1989).
3. Petitioner's argument with regard to delegated authority is based upon a faulty view of the Internal Revenue Code as mere "interpretative rules", rather than law. In support of his arguments, petitioner cites a case pertaining to the Consumer Products Safety Act, which, contrary to petitioner's assertions, has no relation to the Internal Revenue Code. See Drake v. Honeywell, Inc., 797 F.2d 603↩ (8th Cir. 1986). Because of the erroneous legal basis of petitioner's arguments, we find no reason to question whether the Government's agents in this case acted within their delegated. authority.
4. Petitioner makes several additional arguments that he relates to the validity of the notice of deficiency. First, he argues that the "dummy" return used by respondent was not signed by petitioner, in supposed violation of secs. 6061 and 6065. Since petitioner filed no return, these provisions are inapplicable. Second, petitioner objects that the notice of deficiency was not properly signed. There is no requirement that a notice of deficiency be signed. Pendola v. Commissioner, 50 T.C. 509, 514↩ (1968). Third, petitioner argues that he was entitled to revoke all signatures on previously filed returns. This argument is unrelated to the deficiency involved in this case and need not be addressed. Fourth, petitioner argues that the additions to tax listed in the notice of deficiency relate to taxes on beer and wine rather than income. Fifth, respondent argues that, in general, a notice of deficiency should be processed on the form for "Foreign Earned Income", which includes a $ 70,000 exclusion that would "wipe out" his income tax liability and that of most other American citizens. Petitioner misstates the law with regard to the latter two arguments, and we reject his contentions.