T.C. Memo. 1997-333

UNITED STATES TAX COURT

THOMAS H. AND MAUREEN HESSE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3448-97.                    Filed July 23, 1997.

<u>K. Layne Morrill</u> (specially recognized), for petitioners.

<u>Richard A. Rappazzo</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed pursuant to Rule 53. Respondent contends that dismissal is warranted on the ground that the petition was not filed within the time prescribed by sections 6213(a) and 7502. In contrast, petitioners contend principally that the notice of deficiency was rescinded and that dismissal is warranted for that reason; alternatively, petitioners contend that a subsequent Internal Revenue Service (IRS) letter constitutes a second notice of deficiency and that the petition was timely filed in respect of such letter.

Background

At the time that the petition was filed with the Court, petitioners resided in Mesa, Arizona.

On August 14, 1996, respondent mailed a notice of deficiency (the notice of deficiency) to petitioners. In the notice, respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1993 in the amount of $10,002.[2] The deficiency was attributable principally to the disallowance of Schedule C deductions. In explanation of the disallowance, the notice stated that the expenses in question represented startup expenses that must be capitalized.

---

[2] In the petition for redetermination that petitioners ultimately filed, petitioners placed only $8,115 of the determined deficiency in dispute. At the hearing on respondent's motion, petitioners confirmed that they intended to contest only $8,115 of the determined deficiency.

- 3 -

The notice of deficiency was issued by respondent's district office in Phoenix, Arizona.  The contact person specified in the notice was "R. Fenton".

The last paragraph of the first page of the notice of deficiency stated as follows:

> The time for filing a petition with the Court (90 or 150 days as the case may be) is set by law and cannot be extended or suspended.  Thus, contacting the Service for more information or receiving other correspondence from the Service will not change the period for filing a petition with the Tax Court.  The court cannot consider your case if the petition is filed late.

Petitioners received the notice of deficiency shortly after it was mailed to them.  Petitioners read the notice and understood the significance of filing a petition within the 90-day period of time.[3]  However, petitioners were surprised to receive the notice because petitioners had been cooperating with respondent's agents in the examination of their 1993 income tax return.  In this regard, petitioners had anticipated that the information that they had most recently furnished would be dispositive and would lead to an administrative resolution of their case.

On or about September 6, 1996, petitioners telephoned Lana Hatley, an IRS compliance officer to whom, in January 1996,

---

[3] The notice of deficiency was not addressed to petitioners outside of the United States; hence, the 150-day period provided by sec. 6213(a) does not apply in this case.

responsibility for the ongoing examination of petitioners' 1993 income tax return had been reassigned. Ms. Hatley explained that, because of the press of other business, she had not had the opportunity to review the material that petitioners had previously furnished. Ms. Hatley suggested that petitioners write to Ms. Fenton, the "contact person" specified in the notice of deficiency, and request further consideration of their case by Ms. Hatley.

By letter dated September 6, 1996, petitioners wrote to Ms. Fenton and requested that their file be transferred to Ms. Hatley for Ms. Hatley's further consideration. The penultimate paragraph of petitioners' letter stated as follows:

> The basis for this transfer of file is my request and Lana's agreement to a further interview. We believe that she now has all the information she requires in order to perform her audit of 1993 and our meeting will conclude the open issues.

Petitioners' request was granted, and Ms. Hatley undertook to consider further petitioners' case. Accordingly, on September 19, 1996, and at Ms. Hatley's request, petitioners faxed various documents to Ms. Hatley for her consideration. Communication between petitioners and Ms. Hatley continued through October 1996.

On the basis of their telephone conversation with Ms. Hatley on or before September 6, 1996, as well as Ms. Hatley's agreement to consider further their case, petitioners believed that the

notice of deficiency had been rescinded and that they did not need to file a petition in respect of the notice in order to protect their appeal rights. Petitioners' belief was also based on the fact that Ms. Hatley appeared to be in a management position at the time of the above-described telephone conversation and that neither she nor any other of respondent's agents advised petitioners that the notice of deficiency was still in effect. Indeed, if petitioners had been so advised, they would have filed a petition with this Court within the 90-day period provided by section 6213(a).

By letter dated November 21, 1996, respondent's director of the Phoenix internal revenue district advised petitioners that, in effect, the deficiency determination previously made in the notice of deficiency remained unchanged. The letter dated November 21, 1996, also stated, in part, as follows:

> We have considered the information you recently gave us about your Federal tax liability for the year shown above.

> \* \* \* \* \* \* \*

> If you do not accept [our findings], you may, within the period stated in the statutory notice, petition the United States Tax Court for a redetermination of your tax liability.

> This correspondence and consideration of your case has not extended the period in which you may file a petition with the United States Tax Court. If no petition is filed within the allotted time, we will assess the tax and bill you.

At the bottom of the letter, under the heading "Reason for Disallowance", the following sentence was hand-written: "To the extent verified, the expenses are allowable as start-up costs and must be capitalized."

The IRS letter dated November 21, 1996, was mailed to petitioners in an envelope bearing a postmark date of November 27, 1996.

The IRS letter dated November 21, 1996, was mailed to petitioners approximately 2 weeks after the 90th day after the notice of deficiency was sent to petitioners.[4]  In other words, when petitioners received the IRS letter dated November 21, 1996, and, indeed, on the date on which such letter was generated, the 90-day period within which petitioners could have filed a petition in respect of the notice of deficiency had expired.

Because petitioners believed that the notice of deficiency had been rescinded, they regarded the IRS letter dated November 21, 1996, as a second notice of deficiency.  In view of the fact that further consideration of their 1993 income tax return had not led to an administrative resolution of their case, petitioners then filed a petition with this Court.  Such petition was mailed to the Court on February 20, 1997, and was filed by the Court on February 24, 1997.  The latter two days; i.e.,

---

[4] The 90th day after the notice of deficiency was sent to petitioners was Tues., Nov. 12, 1996.

February 20, 1997, and February 24, 1997, were both within 90 days of the date on which the IRS letter dated November 21, 1996, was mailed to petitioners.

At no time did petitioners ever request Form 8626 (Agreement to Rescind Notice of Deficiency) from respondent, nor did petitioners ever execute such form and tender it to respondent.

At no time did any of respondent's agents ever proffer Form 8626 to petitioners or execute such form on behalf of respondent.

Discussion

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely-filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. A notice of deficiency is sufficient if it is mailed to the taxpayer at the taxpayer's last known address. Sec. 6212(b)(1). Pursuant to section 6213(a), the taxpayer has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition with the Court for a redetermination of the deficiency.

Section 6212(d) authorizes the Commissioner, with the consent of the taxpayer, to rescind any notice of deficiency

mailed to the taxpayer.  If a notice of deficiency is rescinded, the taxpayer has no right to file a petition with the Court based on such a notice.  Moreover, a notice that is rescinded is not treated as a notice of deficiency for purposes of section 6212(c)(1), which restricts the issuance of further notices of deficiency.  Sec. 6212(d).

The parties do not dispute that the notice of deficiency was mailed to petitioners at petitioners' last known address, nor do the parties dispute that the petition was mailed and filed more than 90 days after the issuance of such notice.  Respondent contends that this case should be dismissed for lack of jurisdiction because the petition was not filed within the time provided by sections 6213(a) and 7502.  In contrast, petitioners contend principally that the notice of deficiency was rescinded and that, for such reason, this case should be dismissed for lack of jurisdiction.  Alternatively, petitioners contend that the IRS letter dated November 21, 1996, constituted a second notice of deficiency and that their petition was timely filed when measured from the date of mailing of such letter.

We must first decide whether the notice of deficiency was rescinded, because, if such notice was rescinded, we will dismiss on that ground, rather than for lack of a timely-filed petition. See, e.g., Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991).

The rescission issue is indistinguishable from that in Slattery v. Commissioner, T.C. Memo. 1995-274. What we said in that case regarding rescission applies equally in the present case. Thus:

> We now turn to the question of whether the notice of deficiency was rescinded. Section 6212(d) provides that the Secretary may, with the consent of the taxpayer, rescind any notice of deficiency mailed to the taxpayer. Clearly, the statute requires mutual consent by the Secretary and the taxpayer to effect a rescission of a notice of deficiency.[4] We know of no authority deeming a notice of deficiency rescinded in absence of a formal rescission. While the facts presented herein may suggest that respondent considered a rescission, she did not consent to a rescission. Returning a case file from the 90-day section of respondent's office to the examination division for purposes of a conference is not tantamount to a rescission, even though the conference, due to miscommunication, was eventually scheduled for a date subsequent to the running of the 90-day period. Accordingly, we conclude that the notice of deficiency involved herein was not rescinded pursuant to section 6212(d).

---

[4] The Internal Revenue Service has provided guidance to taxpayers wishing to consent to the rescission of a notice of deficiency. See Rev. Proc. 88-17, 1988-1 C.B. 692. This revenue procedure requires the taxpayer to request Form 8626, Agreement to Rescind Notice of Deficiency, which becomes effective when executed on behalf of the Commissioner.

We recognize that petitioners in the present case believed that the notice of deficiency had been rescinded. However, under the operative statute, the rescission of a notice of deficiency is not a function of the taxpayer's subjective belief. Rather, the rescission of a notice of deficiency requires mutual consent by the Commissioner and the taxpayer, and such mutual consent must be objectively apparent.

In the present case, there is no objective manifestation of mutual consent by respondent and petitioners to rescind the notice of deficiency. Indeed, we find no evidence that respondent even contemplated the rescission of such notice.

Further consideration of a taxpayer's case during the pendency of the 90-day period, without more, does not constitute a rescission.[5] Slattery v. Commissioner, supra. Accordingly, although it is regrettable that petitioners came to believe that the warning set forth in the last paragraph of the first page of the notice of deficiency (see supra page 3) did not apply to them, we hold that the notice of deficiency was not rescinded pursuant to section 6212(d).[6]

---

[5] We note that one of the reasons that the Commissioner may (with the taxpayer's consent) rescind a notice of deficiency is "If the taxpayer submits information establishing the actual tax due to be less than the amount shown in the notice." Rev. Proc. 88-17, sec. 3.04(2), 1988-1 C.B. 692, 693. What we think that the revenue procedure suggests is that the Commissioner intends to "consider first and then rescind if appropriate", rather than to "rescind first and then consider". Obviously, there will be cases, such as the present one, where the Commissioner considers the taxpayer's information but nevertheless concludes that such information does not warrant any revision to the determination made in the notice of deficiency.

[6] It is also regrettable that respondent's letter dated Nov. 21, 1996, was issued after the expiration of the 90-day period provided by sec. 6213(a). Although we are sensitive to this unfortunate fact, we must note that neither estoppel nor other equitable considerations afford any basis for us to assume jurisdiction over a case in the absence of a timely-filed petition. Sec. 7442; Elgart v. Commissioner, T.C. Memo. 1996-379; Slattery v. Commissioner, T.C. Memo. 1995-274; Lamont v. Commissioner, T.C. Memo. 1993-469, and cases cited therein.

(continued...)

We turn now to petitioners' alternative contention that the IRS letter dated November 21, 1996, constitutes a second notice of deficiency. In this regard, petitioners point out that their petition was timely filed if measured from the date of mailing of such letter.

A notice of deficiency must meet certain substantial requirements. Abrams v. Commissioner, 787 F.2d 939, 941 (4th Cir. 1986), affg. 84 T.C. 1308 (1985). Thus, the notice must, at a minimum, disclose that the Commissioner has determined a deficiency, the amount, the basis thereof, and the applicable taxable year. Benzvi v. Commissioner, 787 F.2d 1541, 1542 (11th Cir. 1986), affg. Abrams v. Commissioner, 84 T.C. 1308 (1985); see Scar v. Commissioner, 814 F.2d 1363, 1367 (9th Cir. 1987), revg. on another issue 81 T.C. 855 (1983); Foster v. Commissioner, 80 T.C. 34, 229-230 (1983), affd. in part and vacated in part on another issue 756 F.2d 1430 (9th Cir. 1985); see also sec. 7522.

In the present case, we do not think that the IRS letter dated November 21, 1996, constituted a notice of deficiency. Such letter did not purport to determine any deficiency; moreover, such letter was clearly not intended by respondent to be a notice of deficiency. Rather, the IRS letter merely served

⁶(...continued)

to advise petitioners that respondent had considered the information that petitioners had furnished and had concluded that such information did not warrant any revision to the determination previously made.[7]  Indeed, such letter also advised petitioners that "This correspondence and consideration of your case has not extended the period in which you may file a petition with the United States Tax Court" and that if petitioners wished to pursue the matter, they could, "within the period stated in the statutory notice, petition the United States Tax Court". Such advice is only consistent with a finding that the IRS letter dated November 21, 1996, did not constitute a (second) notice of deficiency, and we so hold.

Conclusion

Because petitioners did not file their petition with the Court within the time prescribed by sections 6213(a) and 7502, we lack jurisdiction to redetermine petitioners' tax liability for the year in issue.  Accordingly, we must grant respondent's motion to dismiss for lack of jurisdiction.[8]

---

[7] Here we recall that the notice of deficiency disallowed petitioners' Schedule C deductions because such deductions constituted startup expenses that were required to be capitalized; the IRS letter dated Nov. 21, 1996, reaffirmed that determination.

[8] Although petitioners cannot pursue their case in this Court, they are not without a judicial remedy.  Specifically, they may pay the tax, file a claim for refund with the Internal Revenue Service, and, if their claim is denied, sue for a refund

(continued...)

In order to give effect to the foregoing,

> An order granting respondent's
> motion and dismissing this case for
> lack of jurisdiction will be entered.

---

[8](...continued)
in the appropriate Federal District Court or the United States Court of Federal Claims.  McCormick v. Commissioner, 55 T.C. 138, 142 (1970).