T.C. Memo. 2012-197

UNITED STATES TAX COURT

LARRY J. ROBERTS, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7011-10.                          Filed July 16, 2012.

P failed to file Federal income tax returns for the 2004 through 2007 tax years. The primary issues are P's basis in property sold during one of the years at issue and certain expense deductions R disallowed from P's Schedules C, Profit or Loss From Business.

<u>Held</u>: P's basis in 2115 India Street, Los Angeles, Cal., is the $63,500 price he stated he paid for it.

<u>Held</u>, <u>further</u>, P did not meet his burden of substantiating claimed expense deductions and is not entitled any of the disallowed expense deductions.

Larry J. Roberts, pro se.

<u>Linette B. Angelastro</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, <u>Judge</u>: This case is before the Court on a petition for redetermination of respondent's determinations in four notices of deficiency. Respondent determined deficiencies in petitioner's income tax and additions to tax for the 2004 through 2007 tax years.[1]

After concessions the issues remaining are:[2]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the taxable years at issue. The Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The parties reached a basis of settlement on all issues for 2004 and 2006. Petitioner concedes that he received income of $17,109 for 2005 that should have been reported on Schedule C, Profit of Loss From Business. Respondent concedes that petitioner is entitled to deduct Schedule C expenses of $37,176 for 2005. The parties agree in that in 2005 petitioner received rental income of $5,870 and had rental expenses of $37,176. The parties agree that petitioner had long-term capital gain resulting from the sale of 2111 India Street, Los Angeles, California, of $149,888. The parties agree that the gross sale price of 2115 India Street, Los Angeles, California, was $435,000. Petitioner concedes that he received Schedule C income of $95,850 in 2007. Respondent concedes that petitioner is entitled to deduct Schedule C expenses of $30,814 for 2007.

Respondent concedes the additions to tax under secs. 6651(a)(2) and 6654(a) for the 2005 and 2007 tax years. Petitioner concedes the additions to tax under sec. 6651(a)(1).

(1) whether the statute of limitations bars the assessment and collection of tax or whether the notices of deficiency were inadequate to confer jurisdiction on this Court;

(2) what petitioner's basis in the property at 2115 India Street, Los Angeles, California, is; and

(3) whether petitioner is entitled to deduct expenses on Schedule C in excess of $37,176 for 2005 and $30,814 for 2007.

## FINDINGS OF FACT

The parties' stipulation of facts, with accompanying exhibits, and the stipulation of settled issues are incorporated herein by this reference. At the time the petition was filed, petitioner resided in California.

Petitioner is an appellate lawyer who failed to file Federal income tax returns for the 2004 through 2007 tax years. On November 15, 2005, petitioner sold 2111 India Street, Los Angeles, California, for $385,000. On November 22, 2005, petitioner sold 2115 India Street, Los Angeles, California, for $435,000.

Respondent audited petitioner's returns for those years and issued notices of deficiency determining the following:

|  | 2004 | 2005 | 2006 | 2007 |
|---|---|---|---|---|
| Deficiency | $2,966.00 | $273,702.00 | $2,107.00 | $30,153.00 |
| Sec. 6651(a)(1) addition to tax | 667.35 | 61,582.95 | 474.07 | 6,784.42 |
| Sec. 6651(a)(2) addition to tax | 741.50 | 57,477.42 | 316.05 | 2,864.53 |
| Sec. 6654(a) addition to tax | --- | 10,978.97 | --- | 1,372.32 |
| Total | 4,374.85 | 403,741.34 | 2,897.12 | 41,174.27 |

On March 23, 2010, petitioner timely petitioned this Court. Petitioner requested his case be tried in Los Angeles, California, but the matter was referred to the Internal Revenue Service's Appeals Office in Holtsville, New York. The case was originally set for trial on March 7, 2011. Petitioner asked for a continuance, which was granted at the calendar call as he had just submitted Forms 1040, U.S. Individual Income Tax Return, for the 2004 through 2007 tax years. On petitioner's Schedules C for 2005 and 2007, the years still at issue, he claimed deductions for the following expenses:

| Expense | 2005 | 2007 |
|---|---|---|
| Car and truck | $7,718 | $6,661 |
| Depreciation | -0- | 2,949 |
| Insurance | 5,040 | 11,155 |
| Legal and professional services | 14,417 | -0- |

| | | |
|---|---:|---:|
| Office expenses | 1,500 | 2,260 |
| Supplies | 7,574 | 3,141 |
| Taxes and licenses | 103,353 | 2,835 |
| Meals and entertainment | 1,293 | -0- |
| Utilities | 1,124 | 2,412 |
| Other | 7,804 | 7,105 |
| Total expenses | 149,823 | 38,518 |

Respondent has conceded that petitioner may deduct Schedule C expenses of $37,176 for the 2005 tax year and $30,814 for the 2007 tax year. Petitioner did not submit any receipts, account ledgers, or travel logs to the Court.

OPINION

I. Jurisdiction

We begin by confirming our jurisdiction in this case. Our jurisdiction to redetermine a Federal income tax deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Secs. 6212(a), 6213(a), 6214(a); Monge v. Commissioner, 93 T.C. 22, 27 (1989). A valid notice of deficiency must identify the taxpayer and the taxable year involved, indicate that a deficiency has been determined, and specify the amount of the deficiency. See, e.g., Scar v. Commissioner, 814 F.2d 1363, 1367 (9th Cir. 1987), rev'g 81 T.C. 855 (1983). It must also notify the taxpayer of the "right to contact a local office of the taxpayer

advocate and the location and phone number of the appropriate office" and specify the deadline date for filing a Tax Court petition. Sec. 6212(a). However, no particular form is required, and the Commissioner need not explain how the deficiencies were determined. Abrams v. Commissioner, 787 F.2d 939, 941 (4th Cir. 1986), aff'g 84 T.C. 1308 (1985); Barnes v. Commissioner, 408 F.2d 65, 68 (7th Cir. 1969), aff'g T.C. Memo. 1967-250. Petitioner received a valid notice of deficiency and timely filed his petition with this Court. Therefore we have jurisdiction over his case.

## II.     Limitations Periods

Petitioner seems to argue that he believes the period of limitations for assessment for each of the tax years at issue has expired. He did not file his tax returns until after the initiation of the case before the Court, on the eve of the first calendaring of trial. "In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." Sec. 6501(c)(3). The statute of limitations does not bar this case.

## III.    Recordkeeping Requirements

The taxpayer must maintain records adequate to substantiate his income and deductions. Sec. 6001 (the taxpayer "shall keep such records"); INDOPCO, Inc. v.

Commissioner, 503 U.S. 79, 84 (1992); see also sec. 1.6001-1(a), Income Tax Regs. As in this case, when the taxpayer fails to maintain adequate books and records, the Commissioner is authorized to use whatever method he deems appropriate to determine the existence and amount of the taxpayer's income so long as it clearly reflects income. Sec. 446(b); Mallette Bros. Constr. Co., Inc. v. United States, 695 F.2d 145, 148 (5th Cir. 1983). The Commissioner has wide discretion in determining which method to apply, and reconstruction of the taxpayer's income "need only be reasonable in light of all surrounding facts and circumstances." Gowni v. Commissioner, T.C. Memo. 2004-154.

IV.    Burden of Proof

The Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, pursuant to section 7491(a)(1), the burden of proof as to a factual issue that affects the taxpayer's tax liability may be shifted to the Commissioner. This occurs where the "taxpayer introduces credible evidence with respect to * * * [that] factual issue", and the taxpayer has, inter alia, complied with substantiation requirements pursuant to the Code and "maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents,

meetings, and interviews". Sec. 7491(a). Petitioner did not argue that the burden should shift, and he failed to maintain required records or comply with the substantiation requirements. Accordingly, the burden of proof remains on petitioner.

V.      Petitioner's Basis in 2115 India Street

We note that petitioner did not submit any documentary evidence to the Court concerning his basis in 2115 India Street. At trial he testified that he purchased the house in 1980 for $63,500. Respondent has indicated that he accepts this purchase price. Petitioner then testified that he estimated that he put $75,000 worth of improvements into the house.

Petitioner bore the burden of establishing his basis in the 2115 India Street property but did not carry it.[3] We are not persuaded by petitioner's vague self-serving testimony of what he estimates the improvements cost. See Page v. Commissioner, 58 F.3d 1342, 1346 (8th Cir. 1995), aff'g T.C. Memo. 1993-398;

---

[3]Petitioner also made a novel argument not based in the Internal Revenue Code, that the basis should be the fair market value on the date that he converted it to a rental property. Although property that has been converted from personal use to an income-producing use and sold for a loss will have the basis of the lesser of the fair market value at the time of conversion or the adjusted cost basis, sec. 1.165-9(b), Income Tax Regs., there is no corresponding regulation for a property sold at a gain; and even if this regulation applied to the property, the lesser basis amount is petitioner's adjusted cost basis.

Schneebalg v. Commissioner, T.C. Memo. 1988-563.  Therefore, petitioner's basis in 2115 India Street is the price he stated he paid for it, $63,500.

VI.    Expense Deductions

Deductions are a matter of legislative grace, and the taxpayer must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. at 84; sec. 1.6001-1(a), Income Tax Regs.  Taxpayers must maintain records relating to their income and expenses and must prove their entitlement to all claimed deductions, credits, and expenses in controversy.  See sec. 6001.

Section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  A trade or business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry, and is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940).  In contrast, "personal, living, or family expenses" are generally nondeductible.  Sec. 262(a).

In certain circumstances, the taxpayer must meet specific substantiation requirements to be allowed a deduction under section 162.  See, e.g., sec. 274(d).

The heightened substantiation requirements of section 274(d) apply to: (1) any travel expense, including meals and lodging away from home; (2) any item with respect to an activity in the nature of entertainment, amusement, or recreation; (3) an expense for gifts; or (4) the use of "listed property", as defined in section 280F(d)(4), including any passenger automobiles. To deduct such expenses, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own statement: (1) the amount of the expense or other item; (2) the time and place of the travel, entertainment, amusement, recreation, or use of the property, or the date and description of the gift; (3) the business purpose of the expense or other item; and, (4) the business relationship to the taxpayer of the persons entertained or receiving the gift. Sec. 274(d).

To satisfy the adequate records requirement of section 274, a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. Sec. 1.274-5T(c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985). Although a contemporaneous log is not required, corroborative evidence to support a taxpayer's reconstruction "of the elements * * * of the expenditure or use must have a high degree of probative value to elevate such statement" to the level of

credibility of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

Where the heightened requirements discussed above do not apply, however, the Court may allow the deduction of a claimed expense even where the taxpayer is unable to fully substantiate it, provided the Court has an evidentiary basis for doing so.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  But see sec. 1.274-5T(a)(4), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  In these instances, the Court is permitted to approximate the allowable expense, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, 39 F.2d at 544.

A trial petitioner explained that "I prepared my claimed deductions by going and finding my check registers for those years, going through the check registers where I routinely note what the check was for and make a check mark on it if I think that it's possibly a business expenses."  Petitioner did not present the check registers at trial, nor did he present any documentary evidence to substantiate any of

the claimed expense deductions.[4]  Petitioner's failure to introduce evidence "which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable."  Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), aff'd, 162 F.2d 513 (10th Cir. 1947).  Petitioner bore the burden of substantiating his claimed expense deductions and failed to satisfy it.  He is not entitled to deduct any of the disallowed expenses.

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[4]We also note that respondent allowed expense deductions of $37,176 for 2005 and $30,814 for 2007.  Without any documentary evidence we have no way of knowing for what expenses petitioner already received credit.

Petitioner, with no legal explanation, argues that he is entitled to deduct $84,460.93 of State income tax incurred on the sales of 2111 India Street and 2115 India Street on his Schedule C for 2005.  Respondent concedes that this amount is deductible on Schedule A, and we so find.  See sec. 164(a).