Accordingly, the petition for rehearing is DENIED.

**Ben D. and Patricia D. STEVENS, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 82–4367.

United States Court of Appeals, Fifth Circuit.

July 5, 1983.

George A. Young, Ben D. Stevens, Houston, Tex., for petitioners-appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Dept. of Justice, John H. Menzel, Director, Tax Div., Washington, D.C., for respondent-appellee.

Before RUBIN and JOLLY, Circuit Judges, and PUTNAM *, District Judge.

PER CURIAM:

The Tax Court is given jurisdiction over cases in which a taxpayer timely petitions for redetermination of a deficiency determined by the Secretary of the Treasury and communicated to the taxpayer by a notice of deficiency. 26 U.S.C. § 6212 (1976). The issue is whether the Tax Court obtains jurisdiction when the taxpayers petition it for redetermination of a deficiency erroneously assessed on the basis that the taxpayer had failed to report a specific item of income. Here the taxpayers, having invoked the Tax Court's jurisdiction, changed their minds before it decided the case and sought to return matters to their previous status.

Because the Tax Court's jurisdiction is predicated on the Commissioner's determination that a deficiency exists, as evidenced by his notice of the deficiency, not on the correctness of his determination, we affirm the Tax Court's exercise of its jurisdiction once properly invoked. The taxpayers present no serious challenge to the correctness of the Tax Court's judgment, and it is, therefore, affirmed.

If the Commissioner determines that a deficiency exists with respect to an individual's income tax, he may issue a notice of that deficiency to the taxpayer. 26 U.S.C. § 6212(a) (1976). The taxpayer may then petition the Tax Court for a redetermination of that deficiency. 26 U.S.C. § 6213(a) (1976). The Tax Court, however, cannot obtain jurisdiction unless a deficiency notice has been issued. *Id.*

The notice of deficiency in this case was based on the taxpayers' failure to report reimbursement for certain moving expenses. The taxpayers' argument is apparently that the notice was invalid because they had reported the reimbursement on an amended return filed before the notice was issued. This amounts to little more than a charge that the Commissioner was mistaken in determining that a deficiency existed. "[I]t is not the *existence* of a deficiency but the Commissioner's *determination* of a deficiency that provides a predicate for Tax Court jurisdiction." *Hannan v. Commissioner,* 52 T.C. 787, 791 (1966) (emphasis in original); *accord Intervest Enterprises, Inc. v. Commissioner,* 59 T.C. 91, 95 (1972). That seems obvious: the very purpose of the Tax Court is to adjudicate contests to deficiency notices. If the existence of an error in the determination giving rise to the notice deprived the Court of jurisdiction, the Court would lack power to perform its function.

Because the Commissioner did determine that a deficiency existed and issued a proper notice of that deficiency, the Tax Court acquired jurisdiction when the taxpayers petitioned it for a redetermination of the deficiency. There being no serious challenge to its determination that the taxpayers owed an additional sum and were not entitled to the other relief they sought, the judgment is AFFIRMED.

---

* District Judge of the Western District of Louisiana, sitting by designation.