DAVID R. EVERETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Everett v. Commissioner
Docket No. 45823-86
United States Tax Court
T.C. Memo 1989-605; 1989 Tax Ct. Memo LEXIS 607; 58 T.C.M. (CCH) 642; T.C.M. (RIA) 89605; November 6, 1989
David R. Everett, pro se. Clare J. Brooks, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: This matter was heard by Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7443A of the Code and Rule 180. [1] The Court agrees with and adopts her opinion. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This matter is before us on respondent's *608 motions to impose sanctions and to award damages. We have decided to impose the sanction of dismissal pursuant to Rule 104(c) and to award damages pursuant to section 6673. Respondent determined deficiencies in petitioner's Federal income taxes, together with additions thereto, as follows: Additions to tax
Year
Tax
Sec. 6651(a)(1)
Sec. 6653(a) [2]
Sec. 6654(a)
Sec. 6661
1979
$ 25,908
$ 6,477
$ 1,295
$ 1,206
$   -  1980
29,744
7,436
1,487
1,898
-  1981
33,965
8,491
1,698
3,700
-  1982
33,614
8,403
1,681
3,271
3,361
1983
37,659
9,415
1,883
2,310
3,766
1984
39,708
9,927
1,985
2,500
3,971
Respondent determined that petitioner had unreported income as follows: Year
Amount
1979
$ 56,139
1980
61,753
1981
67,928
1982
74,721
1983
82,193
1984
90,412
Respondent, in computing the deficiency *609 amounts, allowed petitioner a personal exemption of $ 1,000 in each of the above years. Respondent also determined that petitioner was liable for self-employment tax and computed that tax upon the maximum amount of self-employment income subject to the tax. Petitioner filed his petition timely in this Court. In the petition, he listed his address as Fork, Maryland. After the filing of the petition and answer, respondent served upon petitioner a request for production of documents and other things as well as interrogatories. Petitioner, by letter, objected to the request for production, querying respondent as to what made petitioner a "taxpayer." He did not produce requested documents nor did he answer the interrogatories. Respondent thereupon filed two motions, one to compel responses to interrogatories and the other to compel production of documents. Upon petitioner's request, we gave him additional time to respond to the motions, and on October 22, 1987, he filed his objections to the motions. This Court granted respondent's motion to compel response to interrogatories and motion to compel production of documents on November 17, 1987. Our order stated: ORDERED that respondent's *610 above-referenced motions are granted in that petitioner shall, on or before December 23, 1987, (1) serve on counsel for respondent answers to each interrogatory served upon petitioner on June 16, 1987, and (2) produce to counsel for respondent those documents requested in respondent's request for production of documents served on petitioner on June 16, 1987. It is further ORDERED that in the event petitioner does not fully comply with the provisions of this Order, this Court will be inclined to impose sanctions pursuant to Tax Court Rule 104, which may include dismissal of this case and entry of a decision against petitioner. Rather than comply with our Order, petitioner filed a frivolous motion for summary judgment with brief, and we denied that motion. Petitioner also filed a so-called "Answer" to the interrogatories, stating he had no income within the jurisdiction of the United States, that any companies with which he was involved were outside the jurisdiction of the United States as were any sales such company might have made or income he might have received. The "Answer" was nonresponsive. He did not produce documents as ordered. Respondent thereupon moved for sanctions *611 and for an award of damages. Petitioner filed his objections to these motions, both of which are frivolous in nature. Petitioner did not appear at the hearing on the motions. We grant respondent's motion to impose sanctions and have determined that the appropriate sanction is dismissal pursuant to Rule 104(c). Rule 104(c)(3) provides that where a party fails to obey an order made by the Court with respect to interrogatories or the production of documents the Court may make an order: RULE 104. ENFORCEMENT ACTION AND SANCTIONS (c) Sanctions: * * * * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. We warned petitioner in our Order of November 17, 1987, that a possible repercussion of his failure to comply with our Order would be the sanction of dismissal. We have decided that under the circumstances of this case that dismissal is appropriate. In arriving at this conclusion, since petitioner advises *612 us he is a layperson, we have reviewed all papers filed by petitioner in this matter. In the petition petitioner contends that he is not a person subject to United States tax or income. He states: Petitioner is an ordained Presbyterian Elder, Pastor, and radio preacher, living by the grace and mercy of God, and not by receipt of "taxable" worldly income. The petitioner gives of himself freely, as God has given to him, charging no fee, salary, compensation, nor requiring no "contribution" in exchange for his services and ministry to others on behalf of Christ Jesus. Any sums of money, or "support" received or administered by the Petitioner to meet the material needs for himself or his family do not accrue to Petitioner on account of any earned "income", or "taxable" income. Petitioner went on to deny all items, without reasons, mentioned in the deficiency notice. He alleges the adoption of the 16th Amendment to have been fraudulently certified. We conclude that the petition, in any event, would be subject to dismissal for failure to state a claim. In his motion for summary judgment petitioner alleges that income taxes are imposed on income from services within the *613 United States only upon aliens and foreign corporations; on sources without the United States only upon United States citizens residing abroad or within a possession of the United States; that the only persons liable to file an income tax return are withholding agents for aliens and foreign corporations; and that petitioner did not fall into such category, nor did he reside abroad as a United States citizen. Petitioner's 65-page brief elaborates extensively upon his theories, commencing with the charter establishment of the 13 colonies and his views of the limitations of Federal jurisdiction. We quote petitioner's own summary: In summary, jurisdiction of the states is essentially the same as that possessed by the states which were leagued together under the Articles of Confederation. The confederated states possessed absolute, complete and full jurisdiction over property and persons located within their borders. * * * * * * The argument set forth in this brief involves a construction of Title 26 which holds that only aliens and foreign corporations are taxed on income derived from sources within the United States and that, for United States citizens, only income from sources *614 outside the continental United States are taxed. * * * Not surprisingly, we denied this motion for summary judgment for petitioner. In his objection to respondent's motions for sanctions and damages, petitioner agrees with respondent that he answered most of the questions propounded by the interrogatories by his statement "that income, his companies, dealings, its sales, or any other activity occurred outside the jurisdiction of the United States." Petitioner argues that the jurisdiction of the United States is fully described in 18 U.S.C.§ 7, that he is a citizen of Maryland and subject to its jurisdiction and was not a United States citizen subject to the jurisdiction of the United States. Further he goes on to contend that he had no income derived from a source within the jurisdiction of the United States and was not subject to the jurisdiction of the United States from 1978 through 1984. Although petitioner did not file objection to the motion in regard to production of documents and thus did not explain why he failed to produce documents and other things, we are willing to assume that it was for the same "reason" he set forth in regard to the interrogatories.
*615 Petitioner's various positions have long been rejected by this and every other court which has had such frivolous arguments before it. We note that although petitioner's brief cites a great number of cases, the Federalist Papers, and statutes, he has somehow not cited any of the many cases directly disagreeing with his tax protestor theories. We do not believe this omission to have been accidental. The bulk of the contentions raised by petitioner were considered and rejected in our opinion in Rowlee v. Commissioner, 80 T.C. 1111 (1983). We will not waste time and energy repeating them here. We do, however, point out that this Court has jurisdiction over this matter and it was invoked by petitioner when he filed his petition herein. Simanonok v. Commissioner, 731 F.2d 743 (11th Cir. 1984); Denison v. Commissioner, 751 F.2d 241 (8th Cir. 1984), cert. denied 471 U.S. 1069 (1985); Stevens v. Commissioner, 709 F.2d 12 (5th Cir. 1983), affg. a Memorandum Opinion of this Court; Stix Friedman & Co. v. Coyle, 467 F.2d 474 (8th Cir. 1972); Nash Miami Motors v. Commissioner, 358 F.2d 636 (5th Cir. 1966), *616 cert. denied 385 U.S. 918 (1966). The 16th Amendment was constitutionally adopted, Knoblauch v. Commissioner, 749 F.2d 200 (5th Cir. 1984); Stahl v. Commissioner, 792 F.2d 1438 (9th Cir. 1986), cert. denied 479 U.S. 1036 (1987), and there is constitutional authority to impose an income tax on individuals. Brushaber v. Union Pacific R. Co., 240 U.S. 1 (1916); Ficalora v. Commissioner, 751 F.2d 85 (2d Cir. 1984), cert. denied 471 U.S. 1005 (1985); United States v. Stillhammer, 706 F.2d 1072 (10th Cir. 1983); Hayward v. Day, 619 F.2d 716 (8th Cir. 1980), cert. denied 446 U.S. 969 (1980). Further, the statutory authority to impose an income tax on individuals is clear. Ficalora v. Commissioner, supra;United States v. Moore, 692 F.2d 95 (10th Cir. 1979). It is apparent that petitioner's stale protestor claims, with no substantive allegations of error in respondent's determinations, do not in any event *617 present a justiciable claim for this Court. Accordingly, it would be a waste of time in this matter to continue it further. We have determined that petitioner failed to obey a direct order of this Court, and the appropriate sanction under Rule 104(c) is that his petition is dismissed. A decision will be entered against him. We turn now to respondent's motion for damages. Section 6673 of the Code provides we shall award damages whenever it appears to us that proceedings before us have been instituted or maintained primarily for delay, that the taxpayer's position is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies. Such a situation obtains here. Petitioner's position is completely groundless and frivolous. We award damages to the United States in the amount of $ 5,000. An order of dismissal and decision together with an award of damages will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The additions to tax for the years 1981, 1982, 1983, and 1984 are pursuant to sec. 6653(a)(1). In addition, respondent determined additions pursuant to sec. 6653(a)(2) for each of the years 1981 through 1984 in the amount of 50 percent of the interest due on the underpayment.↩