T.C. Memo. 1999-279


UNITED STATES TAX COURT


DALE L. WHITTINGTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18229-98.                    Filed August 23, 1999.


<u>Glen A. Stankee</u>, for petitioner.

<u>Leonard T. Provenzale</u>, for respondent.


MEMORANDUM OPINION


GOLDBERG, <u>Special Trial Judge</u>:  This case is before the
Court on petitioner's Motion to Dismiss for Lack of Jurisdiction.
The issue for decision is whether the notice of deficiency issued
in this case is invalid because respondent failed to determine a

deficiency as required by section 6212(a).[1]  A hearing was held on petitioner's motion in Miami, Florida.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioner resided in Orlando, Florida.

In 1998, respondent examined the U.S. Corporate Income Tax Return, Form 1120, of Levitz Mobile Home Brokers, Inc. (Levitz) for the fiscal year ending September 30, 1994.  Though the examination resulted in a "no-change" report to Levitz, a subchapter C corporation, respondent believed it had uncovered facts which would result in changes to the income tax liability of petitioner, who was the sole shareholder of Levitz during 1994.

Respondent found that petitioner had drawn total funds in the amount of $356,124.92[2] from Levitz several times during the 1994 fiscal year and that the funds were used to pay petitioner's personal expenses.  Respondent concluded that the withdrawals may have constituted constructive dividends from Levitz to petitioner.

---

[1]   All section references are to the Internal Revenue Code in effect for the years in issue.

[2]   The funds were disbursed in the form of checks made payable to petitioner.

On September 9, 1997, as part of his examination of Levitz, respondent's examining agent requested petitioner's account transcript for the year in issue. The transcript, known to respondent as a writ-view (RTVUE), was ordered by the examining agent to determine whether petitioner had filed a 1994 tax return. The RTVUE is a summary of petitioner's individual tax return and the various attached schedules.[3] The RTVUE showed that petitioner had filed a 1994 tax return with respondent on October 15, 1995.

The examining agent examined the RTVUE for large, unusual, or questionable items. The RTVUE showed that petitioner had: (1) reported business income in the amount of $232,216; (2) claimed itemized deductions in the amount of $23,404; (3) claimed capital losses in the amount of $3,000; (4) claimed net operating losses in the amount of $1,795,146; and (4) claimed Schedule E losses in the amount of $973,006. The examining agent determined that the net operating loss deductions and Schedule E losses were questionable and requested the petitioner's 1994 income tax return from respondent's service center on September 29, 1997.[4]

---

[3] A RTVUE is a record of line items from Forms 1040, 1040A, and 1040EZ and their accompanying schedules. The RTVUE is created as the returns are processed at the service center.

[4] For whatever reasons, the examining agent never received the original of petitioner's 1994 income tax return from the service center.

The RTVUE showed that petitioner reported negative adjusted gross income in the amount of $2,235,940 and a total tax liability in the amount of $13,733. The parties do not dispute that the amounts listed on the RTVUE correctly reflect the amounts reported on petitioner's 1994 return. Petitioner did not report any dividend income for the 1994 tax year.

On October 7, 1997, respondent sent petitioner a Form 4549-CG, Income Tax Examination Changes, together with a Form 4564, Information Document Request, requesting copies of petitioner's 1993 and 1994 tax returns. At that time, respondent also requested that petitioner verify the net Schedule E losses in the amount of $973,006 and net operating losses in the amount of $1,795,146. Even though the examining agent contacted both petitioner and petitioner's counsel several times, neither provided copies of petitioner's 1993 and 1994 tax returns nor verified the losses as requested.

Respondent mailed a notice of proposed income tax changes (30-day letter) to petitioner on November 6, 1997. Respondent concluded that petitioner had received $356,124.92 from Levitz and that only $47,579.12 of this amount was a nontaxable return of capital. Respondent also concluded that petitioner had overstated his net Schedule E losses in the amount of $973,006 and net operating loss deductions in the amount of $1,795,146. Respondent calculated that petitioner had a corrected taxable

income of $835,768.  The proposed adjustments were explained on Form 886-A, Explanation of Items, included by respondent in the 30-day letter.

Petitioner filed a protest on December 5, 1997 and requested that the case be referred to respondent's Appeals Office for a hearing.  On April 16, 1998, the Appeals officer sent a letter to petitioner's counsel stating that the case had been received for consideration and that a conference would be scheduled.

On May 18, 1998, the Appeals Office sent a letter and Form 872, Consent to Extend the Time to Assess Tax, to petitioner's counsel requesting an extension of the statute of limitations for the assessment of tax for the 1994 tax year.

The Appeals officer received no reply to the letter requesting an extension of the statute of limitations nor to his attempts to contact petitioner's counsel by phone.  Since petitioner would not extend the statute of limitations, the Appeals officer concluded that a notice of deficiency should be issued and that the notice of deficiency should not deviate from the 30-day letter.  A notice of deficiency was duly issued by respondent on August 18, 1998.

In the notice of deficiency, respondent determined a deficiency of $311,604 in petitioner's 1994 Federal income tax and an addition to tax pursuant to section 6662 in the amount of $62,321.

In making the adjustments, respondent's examining agent used the RTVUE containing information from petitioner's 1994 tax return as a substitute for the original of petitioner's 1994 individual tax return. Respondent adjusted petitioner's income to take into account: (1) Distributions to petitioner by Levitz; (2) certain disallowed itemized deductions; (3) disallowed Schedule E losses; (4) disallowed net operating loss deductions; and (5) computational adjustments.

On November 16, 1998, petitioner filed a Motion to Dismiss for lack of Jurisdiction. Petitioner alleges that the notice of deficiency is invalid because respondent failed to examine petitioner's 1994 income tax return. Petitioner alleges that the adjustments relate to items which either: (1) Were not disclosed on petitioner's 1994 return; (2) were automatic; (3) were determined from respondent's own databases; or (4) were based on information obtained solely from third party sources, such as Levitz.

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. See Rule 13(a), (c); Levitt v. Commissioner, 97 T.C. 437, 441 (1991).

Section 6212(a) expressly authorizes respondent, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. At a minimum, a notice

of deficiency must indicate that respondent has determined a deficiency in tax in a definite amount for a particular taxable year and that respondent intends to assess the tax in due course. See Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937); Perlmutter v. Commissioner, 44 T.C. 382, 400 (1965), affd. 373 F.2d 45 (10th Cir. 1967); see also sec. 7522.

Petitioner, in his Motion to Dismiss for Lack of Jurisdiction, contends that respondent failed to make a "determination" because respondent: (1) Failed to examine petitioner's 1994 income tax return in determining a deficiency; (2) failed to explain proposed adjustments in the 30-day letter; (3) failed to hold an appeals conference; (4) failed to consider evidence which may have reduced the amount of the deficiency; and (5) did not vary the adjustments in the notice of deficiency from those in the 30-day letter. Petitioner relies mainly on Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983).

In Scar, the taxpayers received a notice of deficiency that disallowed a loss deduction from a partnership which the taxpayers had no connection with, and the notice computed a tax due using the then-highest marginal rate. The taxpayers argued that the Commissioner failed to determine a deficiency as contemplated under section 6212(a). A review of various statements attached to the notice of deficiency revealed that the

Commissioner had issued the notice "to protect the government's interest". See Scar v. Commissioner, supra at 1365. The taxpayers filed a motion to dismiss for lack of jurisdiction.

This Court held the notice of deficiency to be valid and denied the taxpayers' motion to dismiss. See Scar v. Commissioner, 81 T.C. 855 (1983). On appeal, the Court of Appeals for the Ninth Circuit concluded that the Commissioner must consider information relating to a particular taxpayer before it can be said that the Commissioner determined a deficiency with respect to that taxpayer. See Scar v. Commissioner, 814 F.2d at 1368. With this standard in mind, the court found the notice of deficiency to be invalid under section 6212(a) because the notice on its face revealed that the Commissioner had not reviewed information relating to the particular taxpayer or otherwise made a determination respecting the taxpayers' liability for the particular taxable year. See Scar v. Commissioner, supra at 1370.

Significantly, the courts applying Scar have limited the rule established in that case to its facts. See Sealy Power, Ltd. v. Commissioner, 46 F.3d 382, 387-388 (5th Cir. 1995), affg. in part, revg. in part and remanding T.C. Memo. 1992-168; Kantor v. Commissioner, 998 F.2d 1514, 1521-1522 (9th Cir. 1993), affg. in part and revg. in part T.C. Memo. 1990-380; Bokum v. Commissioner, 992 F.2d 1136, 1139 (11th Cir. 1993), affg. T.C.

Memo. 1990-21; <u>Clapp v. Commissioner</u>, 875 F.2d 1396, 1402 (9th Cir. 1989); <u>Campbell v. Commissioner</u>, 90 T.C. 110, 114-115 (1988).

Simply stated, the rule set forth in <u>Scar v. Commissioner</u>, <u>supra</u>, applies in the narrow set of circumstances where the notice of deficiency on its face reveals that respondent failed to make a determination. See <u>Campbell v. Commissioner</u>, <u>supra</u> at 112-113.

The facts of the present case are readily distinguishable from the facts in <u>Scar</u>. In the instant case, the notice does not state that the income tax is being assessed at the maximum rate to protect the governmental interest, nor does it misidentify Levitz. The notice has no defects which make it incorrect on its face. Additionally, Petitioner does not dispute that the amounts appearing on the RTVUE are the same as the amounts appearing on his 1994 income tax return. In sum, the notice does not reveal on its face that respondent failed to determine adequately a deficiency.

The information examined by respondent was taxpayer specific. It was information taken directly from the tax return of petitioner's wholly owned corporation and from petitioner's own return when it was first processed by the service center.

Petitioner alleges that Levitz's return clearly shows that current and accumulated earnings and profits did not exceed

$173,729, and it was therefore unreasonable for respondent to determine that petitioner received distributions taxable as dividends from Levitz in the amount of $308,545 that same tax year. Petitioner contends that this shows that respondent failed to make an adequate determination based on information respondent possessed.

Respondent concluded that petitioner had received $356,124.92 from Levitz and that only $47,579.12 of this amount was a non-taxable return of capital. Respondent then examined the RTVUE and established that petitioner had not reported dividends on his 1994 return. Respondent requested information concerning the withdrawals, information which petitioner failed to provide. The possibility that the determination in the notice of deficiency may ultimately be held to be erroneous does not invalidate the notice of deficiency. See Stevens v. Commissioner, 709 F.2d 12, 13 (5th Cir. 1983), affg. per curiam T.C. Memo. 1982-352.

Petitioner was given the opportunity to provide respondent with the necessary documentation concerning the proposed adjustments but failed to do so. Petitioner also failed to meet with an Appeals officer in an attempt to resolve the matter prior to the issuance of the notice of deficiency.

Petitioner's chief contention is that respondent is required to examine petitioner's actual income tax return, or a copy

thereof, and cannot rely on information contained in respondent's records in determining a deficiency. Relying on <u>Kong v. Commissioner</u>, T.C. Memo. 1990-480, petitioner alleges that this Court held in that case that respondent was required physically to examine a taxpayer's return in determining a deficiency and was not entitled to rely on information recorded in its databases. We disagree.

In <u>Kong</u>, as in <u>Scar v. Commissioner</u>, <u>supra</u>, respondent had computed the tax due in the notice of deficiency at the maximum rate. In <u>Kong</u>, respondent contended that it relied on the taxpayer's administrative file, which also included a transcript of account, in computing the tax due in the notice of deficiency. This Court, however, found that respondent disregarded the transcript of account in determining the deficiency because respondent had merely multiplied the disallowed deduction by the maximum rate and ignored other information available in the transcript of account. In short, respondent in <u>Kong</u>, was not prohibited from using information stored in its databases, but he was prohibited from misusing or disregarding such stored information. This Court stated:

> Respondent did not use the return information to determine the deficiency. * * * He ignored the relevant tax and income data in the transcript of account. Indeed, all respondent determined was that he did not have sufficient information to avoid sending a notice of deficiency based upon disallowance of a presumed loss claimed, utilizing the maximum tax bracket. <u>Kong v. Commissioner</u>, <u>supra</u>.

In the instant case, respondent used a line-by-line compilation of petitioner's tax return information. Petitioner does not dispute that the amounts appearing on the RTVUE are the same as the amounts appearing on his 1994 return. Additionally, respondent did not merely utilize the maximum tax bracket in this case.

Therefore, it is clear in this case that a valid determination was made. The RTVUE records allowed respondent to consider taxpayer specific information and reconstruct petitioner's return for the purposes of the examination. The RTVUE was used as a substitute for petitioner's 1994 return as it was a line-by-line summary of the actual return. Not only did respondent examine the return information, there were communications between respondent's examining agent and petitioner with respect to the adjustments at issue.

Petitioner's other contentions contained in his motion are not based on the validity of the notice or the attached schedules but are directed at perceived problems with the appeals and audit process which we need not address and which do not deprive this Court of jurisdiction. We find that the notice of deficiency in this case was valid and hold that this Court

therefore has jurisdiction.  Petitioner's motion to dismiss for lack of jurisdiction will be denied.

<u>An appropriate order</u>

<u>will be issued</u>.