# United States Court of Appeals for the Fifth Circuit

———————

No. 24-60077

———————

Paul Edwin Johnson,

*Petitioner—Appellant*,

*versus*

Commissioner of Internal Revenue,

*Respondent—Appellee*.

_____

Appeal from the Tax Court, Internal Revenue Service
Agency No. 16077-19

_____

United States Court of Appeals
Fifth Circuit
**FILED**
September 3, 2024
Lyle W. Cayce
Clerk

Before Southwick, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Taxpayer, Paul Johnson, appeals a Tax Court decision sustaining a $5,390 deficiency in his 2016 income tax and an associated $1,078 penalty. He raises various issues for our consideration. Because Johnson's challenges lack merit, we AFFIRM the decisions of the Tax Court.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60077

## I

Johnson timely filed a 2016 joint federal income tax return that, as he conceded, failed to report $64,839 in withdrawals from a retirement account. On September 17, 2018, the Commissioner's Automated Underreporting (AUR) program generated a CP2000 Notice informing Johnson that it had detected a discrepancy between records of payments made to him and the amount of taxable income he reported on his 2016 income tax return. The CP2000 Notice proposed a substantial tax understatement penalty of $3,160 and provided Johnson with an opportunity to respond.

On October 16, 2018, the AUR program received a response from Johnson in which he agreed with the changes but argued that he should be eligible for increased residential energy efficient property credits. On December 17, 2018, Cheryl Woods, an AUR Tax Examiner, considered Johnson's response to the AUR and found that he was eligible for increased credits but concluded that the IRS should nonetheless impose a penalty. Woods's immediate supervisor, Jennifer Bastarache, approved Woods's initial determination of the penalty in writing. A revised notice of proposed changes on Form CP2000 was sent to Johnson on December 31, 2018, stating that based on Johnson's response, the IRS determined that the Johnsons owed $7,013, consisting of the remaining $5,390 tax understatement (accounting for the additional energy credit), the $1,078 penalty, and $545 in interest.

Johnson responded on January 14, 2019, stating that he was unaware he had underpaid because he had not received a Form 1099-R. He requested the IRS pay him an accuracy related penalty. Johnson included the $7,013 due, but claimed the IRS owed him a $2,082 penalty. Woods rejected Johnson's arguments, a decision that was again approved by her supervisor in writing, and mailed a notice of deficiency on June 3, 2019, conclusively

2

determining the $5,390 deficiency and refusing to waive the $1,078 understatement penalty.

Johnson then filed a petition in Tax Court, checking a box to indicate that he disputed the June 3 notice of deficiency. He indicated that he disagreed with two aspects of the IRS's determination: (1) the calculation of interest, and (2) the "calculation of the accuracy-related penalty the IRS owes me." Both Johnson and the Commissioner filed motions for summary judgment. In ruling on these first summary judgment motions, the Tax Court denied Johnson's motion and granted in part the Commissioner's motion as to Johnson's deficiency for the 2016 tax year. The Tax Court stated it was unable to determine whether the supervisory-approval requirement of I.R.C. § 6751(b) was applicable, and if so, had been satisfied, and was thus unable to grant the Commissioner's full requested relief. Following the Tax Court's first ruling, the Commissioner again moved for summary judgment on that sole remaining issue and the Tax Court granted summary judgment in favor of the Commissioner and entered its final decision. Johnson timely appealed. We have jurisdiction pursuant to I.R.C. § 7482(a).

## II

Tax Court decisions are reviewed in the same manner as decisions of the district courts in civil actions. I.R.C. § 7482(a). Accordingly, the Tax Court's grant of summary judgment is reviewed de novo. *MoneyGram Int'l, Inc. v. Commissioner*, 999 F.3d 269, 273 (5th Cir. 2021). Discovery and evidentiary rulings are reviewed for abuse of discretion. *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 (5th Cir. 2014) (discovery); *United States v. Lowery*, 135 F.3d 957, 959 (5th Cir. 1998) (evidentiary).

## III

Johnson raises a number of issues for our consideration, including: (1) the Tax Court lacked jurisdiction because there it had no controversy to

adjudicate; (2) the Tax Court denied due process by deciding the Commissioner's first summary judgment motion without granting additional time to respond; (3) the Tax Court erred in concluding that the substantial tax understatement penalty proposed in the CP2000 was calculated through electronic means; and (4) the Commissioner failed to expressly deny each material allegation in Johnson's petition, and thus they are deemed admitted, and the Tax Court erred in concluding otherwise.[1] We address each in turn.

## A

Johnson argues that the Tax Court lacked jurisdiction to reach its determinations in this case because Johnson admitted that he was liable for the deficiency in the petition and therefore the matter was neither pleaded nor in controversy. The Commissioner counters that the Tax Court properly had jurisdiction, which Johnson invoked by filing his petition before the court. Whether the Tax Court had jurisdiction is a question of law we review de novo. *Ferguson v. Commissioner*, 568 F.3d 498, 502 (5th Cir. 2009).

The purpose of the Tax Court is "to adjudicate contests to deficiency notices." *Stevens v. Commissioner*, 709 F.2d 12, 13 (5th Cir. 1983). The Tax Court acquires this jurisdiction when a taxpayer timely files a petition following an IRS deficiency determination, as communicated to the taxpayer in the notice of deficiency. *Id.* Once a petition is filed, the Tax Court "shall have jurisdiction to redetermine the correct amount of the deficiency" asserted by the Commissioner, as well as "to determine whether any additional amount, or any addition to the tax should be assessed." I.R.C. § 6214(a).

---

[1] Johnson additionally argued that the Commissioner failed to comply with the Privacy Act, 5 U.S.C. § 552a(p)(1)(C) but concedes this issue on appeal. Accordingly, we do not address it.

Here, Johnson filed a petition challenging the notice of deficiency based on his disagreement with the IRS's determination. Thus, Johnson invoked the Tax Court's jurisdiction, and the Tax Court could properly redetermine any deficiencies even where taxpayer had conceded that the Commissioner's original determination was correct. *Stevens*, 709 F.2d at 13.

## B

Johnson also claims that the Tax Court denied him due process by deciding the Commissioner's first summary judgment motion without granting him additional time to file a response. The Commissioner counters that the Tax Court is not required to grant additional time to respond. The denial of a request to extend time to respond to a summary judgment motion is reviewed for an abuse of discretion. *Adams v. Travelers Indem. Co. on Conn.*, 465 F.3d 156, 161 (5th Cir. 2006).

The Tax Court ordered Johnson to respond to the Commissioner's first summary judgment motion by a specific date and advised him that the Commissioner's motion may be granted if he failed to respond. Johnson timely filed a "Plea to Jurisdiction" in lieu of a response, and now argues that when the Tax Court denied his plea, it was required to provide fourteen additional days to respond to the summary judgment motion under Federal Rule of Civil Procedure 12(a)(4)(A). Because those fourteen days were not provided, he claims that "conditions were not ripe for the Tax Court to make [its] June 28, 2021, ruling on the Commissioner's Motion for Summary Judgment, denying [him] due process and . . . his Constitutional access to the courts."

First and foremost, the Federal Rules of Civil Procedure are not always applicable to Tax Court proceedings. *Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, 1088 (9th Cir. 2020); Fed. R. Civ. P. 1 (explaining that civil rules govern proceedings in district courts). The Tax

Court has its own rules, including, relevant here, that a response to a summary judgment motion "must be filed within such period as the Court directs" and "[i]f the nonmovant does not respond, a decision may be entered against that party." Tax Court Rules 121(b)(2) & (d).

The Tax Court here treated the "Plea to Jurisdiction" as a response to the Commissioner's motion so that Johnson would not be in default. But importantly, Johnson fails to show that the grant of an additional fourteen days would have made any difference, as he does not explain what arguments he may have made or what information he could have provided. Instead, he has conceded that he owes $5,390 in taxes. The Tax Court did not abuse its discretion in denying a request to extend Johnson's time to respond.

## C

In granting the Commissioner's second motion for summary judgment, the Tax Court concluded that the original CP2000 mailed to the Johnsons was calculated through electronic means. Because of this, the Tax Court concluded that the supervisory-approval requirement of I.R.C. § 6751(b) was inapplicable. Johnson argues that the Tax Court erred in reaching this conclusion because the general rule, I.R.C. § 6751(b), requires that "[n]o penalty . . . shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination." I.R.C. § 6751(b)(1). The Commissioner argues that the Tax Court correctly concluded that the supervisory-approval requirement of I.R.C. § 6751(b) did not bar the penalty against Johnson because it was calculated through

electronic means, and thus, the exception found at I.R.C. § 6751(b)(2)(B) applied.[2]

The penalty proposed in the first communication with the Johnsons was "automatically calculated through electronic means" according to the evidence before the Tax Court. Because of this, the proposed penalty falls within the exception to the supervisory-approval requirement, found at I.R.C. § 6751(b)(2)(B). A supervisory analyst in the IRS's AUR program explained that when there is a discrepancy between the income reported by the taxpayer and that reported by third parties, "the computer calculates a proposed deficiency." If the taxpayer's understatement of his tax liability exceeds a certain amount, as here, then "the computer will automatically include in its CP2000 a proposed penalty for substantial understatement of income tax in accordance with I.R.C. § 6662(d)."

Johnson argues this exception does not apply because the case history reflects that his account was accessed on August 7, 2018, with the notation "INFO ONLY" three days before the CP2000 notice was generated, suggesting human involvement requiring supervisory approval. The Commissioner counters that even if an IRS employee accessed Johnson's account, it does not refute the testimony that the penalty in the first CP2000 notice was automatically calculated through electronic means. Johnson also points to provisions in the Internal Revenue Manual (IRM) that indicate that selected AUR cases may undergo in-depth review by a tax examiner to identify instances of apparent underreporting of income which requires further explanation to resolve any discrepancy. But other IRM provisions make clear that understatement penalties in AUR cases are "systematically

_____

[2] I.R.C. § 6751(b)(2)(B) states that although generally a penalty assessment should be personally approved in writing by the immediate supervisor, there is an exception for "any other penalty automatically calculated through electronic means."

asserted" and "fall within the exception for penalties automatically calculated through electronic means" until the taxpayer submits a response to the letter that proposes the penalty. IRM 20.1.5.2.3(6)(a). Thus, the evidence supports the Tax Court's conclusion that there was no genuine factual dispute that the penalty identified in the first CP2000 notice was "mathematically calculated through electronic means" and "did not need written supervisory approval."[3]

## D

Finally, Johnson argues that the Commissioner failed to expressly deny each material allegation in his petition and therefore the Tax Court should have deemed all of them admitted pursuant to Tax Court Rule 36. Johnson claims all material allegations must be deemed admitted, including the "ultimate issue" of whether the Commissioner owes Johnson a refund of $4,379. The Commissioner argues that the Tax Court correctly concluded that the Commissioner did not admit that it owed Johnson a penalty under I.R.C. § 6662(a). As noted above, discovery and evidentiary rulings are reviewed for an abuse of discretion. *Haase*, 748 F.3d at 631; *Lowery*, 135 F.3d at 959. And more specifically, a court's determination whether to deem a factual matter admitted due to the insufficiency of an answer or objection by the respondent is reviewed for an abuse of discretion. *Cf. United States v. Kenealy*, 646 F.2d 699, 703 (1st Cir. 1981) (discussing sufficiency of response to request for admissions); *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) (same).

------

[3] The Commissioner also argues that supervisory approval of Johnson's understatement penalty was timely obtained, and that the Tax Court's precedent on this issue is incorrect. We need not reach this argument as we agree that the penalty falls within the exception to the supervisory-approval requirement in I.R.C. § 6751(b)(2)(B).

No. 24-60077

Tax Court Rule 36 provides that "[e]very material allegation set out in the petition and not expressly admitted or denied in the answer is deemed to be admitted." Here, the Tax Court concluded that "all of the material allegations set forth in the petition in support of the assignments of error have been denied" in the Commissioner's answer. A comparison of the Commissioner's answer with the petition shows that all statements in the petition were expressly admitted or denied.

Johnson specifically contends that the issue is not the Commissioner's failure to admit or deny; it is that the Commissioner's denial of and objection to an attachment to his petition—entitled "My calculation of the accuracy-related penalty that the IRS owes me,"—was too general because it did not admit or deny the contents therein on a line-by-line basis.[4]

Johnson's argument is frivolous. He claims that the IRS owes him a refund in the form of a penalty, under § 6662(a) and (h)(1) equal to forty percent of the difference between the proposed amount due in the first CP2000 and the amount of deficiency that the IRS ultimately concluded was due. But a § 6662 penalty cannot be imposed *against* the IRS because it is an addition to the tax otherwise owed by the *taxpayer*. I.R.C. § 6662(a). It is calculated as a percentage of the amount by which the taxpayer underpaid their taxes. *Id.*; *see* I.R.C. § 6664(a) (defining "underpayment"). The Commissioner is not required to rebut Johnson's frivolous argument with "somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984). Accordingly, the Tax Court did not abuse its

---

[4] As the Commissioner notes, Johnson himself violated Tax Court rules by not including "separately lettered paragraphs" to illustrate errors. Tax Ct. R. 34(b)(1)(G)-(H). Johnson attached a petition including a theory of liability against the Commissioner that included 32 unnumbered and unlettered paragraphs.

No. 24-60077

discretion in concluding the Commissioner did not admit that it owed Johnson a penalty.

## IV

For the foregoing reasons, the judgment of the Tax Court is AFFIRMED.